IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-410-FL

| | |
|---|---|
| EDDIE LEE WORSLEY, | ) |
| Plaintiff, | ) ) ) |
| | ) **ORDER and** |
| v. | ) **MEMORANDUM AND** |
| JACKLIN MARIE JOHNSON, | ) **RECOMMENDATION** |
| | ) |
| Defendant. | ) |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2) (D.E.1) by plaintiff Eddie Lee Worsley ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. The court finds that plaintiff has adequately demonstrated his inability to pre-pay the required court costs, and his motion is therefore ALLOWED. However, based on the court's frivolity review, it will be recommended that this case be DISMISSED for the reasons and on the terms stated below.

## I. BACKGROUND

Plaintiff's complaint consists of a three-page form (D.E.1-2) completed in handwriting. According to the complaint, plaintiff commenced this action against defendant Jacklin Marie Johnson ("defendant"), the mother of his children. (Compl. 1). He alleges that defendant "does not comply with Social Security rules." (*Id.*). He further alleges that his rights to work as an American citizen and to have a legal spouse have been violated. (*Id.* 2). Plaintiff states that jurisdiction in this court is based upon "not having the right to low income housing with my family as so ordered by the state judge." (*Id.*). The relief plaintiff seeks is "to have quality housing in a normal setting with my

family"; a "quality job along with my retirment [sic] disability payments"; and, apparently, not to be harassed by Pitt County government. (*Id.*).

## II. DISCUSSION

### A. Legal Standards Applicable to Plaintiff's Complaint

The court must dismiss a case brought *in forma pauperis* if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court is not permitted to dismiss a claim as frivolous merely because the supporting allegations seem unlikely to have occurred. *Denton*, 504 U.S. at 33.

Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that plaintiff's claims are not clearly baseless, the court must weigh plaintiff's factual allegations in his favor in its frivolity analysis. *Denton*, 504 U.S. at 32. The court must read the complaint carefully to determine if plaintiff has alleged specific facts sufficient to support his claims. *White*, 886 F.2d at 724.

More particularly, under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct.1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Todd v. Geneva Convention*, No. 3:08-660-MBS, 2008 WL 1339835, at *6 (D.S.C. 9 Apr. 2008) (holding in review for frivolousness that plaintiff must offer more detail than simply listing conclusory legal terms in order to support a claim).

A court may consider subject matter jurisdiction as part of the frivolity review. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell*, No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. 8 Jan. 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal).[1] "Federal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." *Bowman v. White*, 388 F.2d 756, 760 (4th Cir. 1968). The presumption is that a federal court lacks jurisdiction in a particular case unless it is demonstrated that jurisdiction exists. *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327, 336 (1895). The burden of establishing subject matter jurisdiction rests on the party invoking jurisdiction, here plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). The complaint must affirmatively allege the grounds for

---

[1] *See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

jurisdiction. *Bowman*, 388 F.2d at 760. If the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

One basis for subject matter jurisdiction, so-called federal question jurisdiction, is that a claim arises under the constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Another basis is diversity of citizenship or so-called diversity jurisdiction. *Id.* § 1332. It requires, among other things,[2] that all plaintiffs and all defendants be citizens of different states. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There are also statutes conferring jurisdiction for particular types of cases.

### B. Analysis of Plaintiff's Complaint

Plaintiff's complaint fails to adequately allege subject matter jurisdiction. It should accordingly be dismissed.

As indicated, the ground for jurisdiction stated in the complaint is that defendant does not comply with social security rules. Plaintiff cites no federal statute or other provision of federal law establishing such a private right of action. The court is aware of none.

The court has considered whether the complaint otherwise alleges claims that arise under the constitution, laws, or treaties of the United States and finds that it does not. The complaint therefore fails to adequately allege federal question jurisdiction.

The ground for jurisdiction stated in the complaint does not implicate the court's diversity jurisdiction. The complaint does not otherwise show such jurisdiction, nowhere alleging the citizenship of either party. It does allege the addresses of the parties, which are in North Carolina.

---

[2] Because the diversity requirement is not met, as explained below, the court need not address further the requirements of diversity jurisdiction.

4

If that is the state of which each is a citizen, then the requisite diversity of citizenship would not exist.

The court has considered whether bases for jurisdiction other than those discussed above exist and finds that there are none. Plaintiff has therefore failed to establish that this court has subject matter jurisdiction over this case. In light of this conclusion, the court expresses no opinion on whether, it if had jurisdiction, such claims would survive further evaluation for frivolity.

### III. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that all of plaintiff's claims be DISMISSED. The Clerk shall send copies of this Memorandum and Recommendation to the respective parties or, if represented, their counsel, who have ten business days, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 26th day of October, 2009.

James E. Gates
United States Magistrate Judge

5

Case 5:09-cv-00410-FL   Document 3   Filed 10/26/09   Page 5 of 5