IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CV-410-FL

| | | |
|---|---|---|
| EDDIE LEE WORSLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JACKLIN MARIE JOHNSON, | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates, regarding plaintiff's motion to proceed *in forma pauperis*. The M&R recommends this court allow plaintiff to proceed *in forma pauperis* but dismiss plaintiff's claim for lack of subject matter jurisdiction. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matter is ripe for ruling.

In his complaint, plaintiff alleges defendant does not comply with Social Security rules. (Compl. ¶ 1.) He also complains of not having the right to low income housing with his family and not having the right to work as an American citizen. (Id. at 2.) He seeks quality housing, a job, and not to be harassed by the Pitt County government. (Id. at 3.) Plaintiff has also moved to file the complaint *in forma pauperis*.

The magistrate judge reviewed plaintiff's motion to proceed *in forma pauperis* and his complaint pursuant to 28 U.S.C. § 1915. He then entered an M&R recommending that, although plaintiff should be allowed to proceed *in forma pauperis*, his complaint should be dismissed as frivolous.

Pursuant to section 1915, a claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. § 1915(e)(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court also must dismiss a matter if it determines it lacks of subject matter jurisdiction at any point in the proceeding. Fed. R. Civ. P. 12(h)(3). Jurisdiction in the federal courts may be based upon the existence of a federal question or upon diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

Here, the magistrate judge found that plaintiff's complaint failed to allege a basis for subject matter jurisdiction in the federal courts. Specifically, the magistrate judge found there is no private right of action regarding the enforcement of social security rules or any other federal statute or constitutional provision which would confer jurisdiction on the court. (M&R 4.) The magistrate judge also found that because both parties live in North Carolina plaintiff failed to establish jurisdiction can be based upon diversity of citizenship. (M&R 4–5.) As a result of these findings, the magistrate concluded that plaintiff failed to establish subject matter jurisdiction in the federal court and recommended plaintiff's complaint be dismissed.

After review of the complaint, the M&R, and the relevant case law, this court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law as applied to the facts of this case. Consequently, the court ADOPTS the M&R as its own, and, for the reasons stated therein. Although plaintiff's motion to proceed *in forma pauperis* is ALLOWED, this matter is DISMISSED without prejudice. The clerk of court is directed to close the case.

SO ORDERED, this the 3rd day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

2